## Richmond.

JONES V. COVINGTON ET ALS.

APRIL 26th, 1888.

Absent, Richardson, J.

CONTRACTS—*Construction*—*Subrogation.*—A. agreed to give his land to T. & W.
if they paid off certain liens thereon. The writing also recited another
lien thereon to C. as having been assigned to T. & W., but the latter did
not assume to pay it, and it was no part of the consideration of the
land. It turned out that A. himself had paid off the lien of C. In
suit on bond of A. as trustee, wherein J. was surety. J. claimed in his
cross-bill that as A. and not T. & W. had paid off C's lien, he was entitled
to have said land to the extent of said lien, subjected to sale in order to
exonerate him as such surety:

HELD:
    The prayer of the cross-bill was rightly denied.

Appeal from decree of circuit court of Culpeper county,
rendered June 3d, 1885, in the chancery suits of T. M. Archer,
trustee for J. W. Kelley, against A. L. Ashby, administrator,
&c., and T. R. Covington, in his own right and as administra-
tor of A. L. Ashby, deceased, and as administrator of Ann
Camp, deceased, against W. T. Ashby, P. P. Nalle, trustee,
and others, on the cross-bill filed therein by Thomas W. Jones,
who was surety on the bond of said A. L. Ashby as such
trustee. The prayer of the cross-bill was denied, and the said
T. W. Jones appealed. Opinion states the case.

*W. L. & J. L. Jeffries, G. D. Gray,* and *D. A. Grimsley,* for
the appellant.

*J. F. Rixey*, and *J. G. Field*, for the appellee.

LEWIS, P., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Culpeper county, entered in the consolidated causes of Archer, Trustee, v. Ashby's Administrator, and Covington v. Ashby.

The object of the first of these suits was to establish and enforce against the estate of Alfred L. Ashby, deceased, and the sureties on his bond as trustee of one John W. Kelley, a blind man, a debt alleged to be due by him in his lifetime as such trustee, amounting to the sum of $730 84, with interest. The appellant was a surety on the bond, and was made a party to the suit. In the progress of the cause, he filed his answer alleging that there was property belonging to the estate of his deceased principal, which was primarily liable for the claim asserted in the bill, and which ought to be subjected to the exoneration of the respondent.

This contention was based upon the following grounds, namely: That on the 15th of August, 1870, the said Alfred L. Ashby entered into a written contract under seal with Thomas R. Covington and Wm. T. Ashby, in which, in consideration that the said Covington and the said Wm. T. Ashby would pay off and discharge certain debts which constituted liens on the lands of the said Alfred L. Ashby, and were the owners of certain other debts which were also liens on the land, he, the said Alfred L. Ashby agreed to "release and give" to the said Covington and Wm. T. Ashby, his entire real estate situate in Culpeper county. These debts were secured on the land by a deed of trust, and among them was one evidenced by bond for $800 executed by the said Alfred L. Ashby to Ann Camp, and which in the said written contract was recited to have been assigned to the said Thos. R. Covington. In 1871, the said Alfred L. Ashby died, and Covington qualified as his administrator, and about the same

time the said Ann Camp died testate, whereupon he quali-
fied as her administrator c. t. a.

The answer also averred that, so far as the said written con-
tract was based on the recital that the Ann Camp debt had
been assigned to the said Covington, there was a mutual mis-
take, as the debt had been paid more than two years before
the date of the contract, as appeared from the receipt of the
said Ann Camp, dated June 21, 1868, which was exhibited
before the commissioner by the said Covington in the suit of
*Covington* v. *Ashby*, above mentioned. And it was insisted
that, inasmuch as that debt constituted a part of the purchase
price for the land, the said Covington and William T. Ashby
were, in equity and good conscience, bound to pay to the estate
of the said Alfred L. Ashby, deceased, an amount equal to the
debt, or, at all events, that the land should stand charged for
that amount, or so much thereof as would be necessary to pay
the indebtedness for which the respondent was bound as
surety.

The answer also prayed that the suit be consolidated with
the suit of *Covington* v. *Ashby;* that the answer be treated as a
cross-bill in the last-mentioned suit, and that the said Coving-
ton be required to answer it, etc.; which was accordingly done.

Soon after the execution of the written contract above men-
tioned, the land mentioned therein was divided between the
said Covington and William T. Ashby, pursuant to the stipu-
lations of the contract; and the object of the suit of *Covington*
v. *Ashby* was to have the land allotted to the said William T.
Ashby first sold to pay the liens mentioned in the said contract,
the bill alleging that the said Covington had paid one-half of
the debts, as he had contracted to do, and had in all respects
fully performed the covenants contained in the said contract,
so far as he had bound himself to do. In the progress of the
cause, the receipt above mentioned was produced before the
commissioner by Covington to show that the Camp debt had
been paid, when, for the first time, the existence of the receipt

became known to the appellant, who thereupon filed his answer and cross-bill above mentioned.

In his answer to the cross-bill, Covington alleged that the said Ann Camp made her will in 1866, whereby she left all her estate to the wife of Covington, and that, when the contract of August 15, 1870, was entered into—she being then over ninety years of age—he regarded himself as the substantial owner of the Camp debt, as did also the said Alfred L. Ashby. He denied that the debt had been paid, and averred that the so-called receipt therefor was found, after the death of the said Ann Camp, in her trunk with other papers, and had never been delivered or become operative. He also denied that he had assumed the payment of the debt, and averred that the most he had contracted in respect to it was that he would save the said Alfred L. Ashby harmless on account thereof. And he denied that the appellant was entitled to the relief prayed for in his cross-bill.

There was no evidence to sustain the affirmative allegations of the answer to the cross-bill, and when the cause came on to be heard, the relief prayed for in the cross-bill was denied by the decree complained of.

The theory upon which the case of the appellant is founded is that the Camp debt, having been paid previous to the contract of the 15th of August, 1870, there was a mutual mistake by the parties to the contract, and a consequent failure of consideration to the amount of the debt, which ought to be made good to the estate of Alfred L. Ashby, deceased, by the purchasers of the land. In other words, it is contended that, for so much land, they assumed to pay the Camp debt, and ought, therefore, to be compelled to pay the amount of the debt for the benefit of the estate.

We are of opinion that this view is not maintainable. It is not true that the purchasers of the land assumed the payment of the Camp debt. They did, in express terms, promise to pay three debts due by the said Alfred L. Ashby—namely, one to

Miss Lucy E. Jameson, one to Miss Sarah E. Rawlings, and another to William T. Ashby, which aggregated the sum of $2,000, and which, as the evidence shows, was about the value of the land; and then the contract goes on to recite that two other debts due by Alfred L. Ashby had been assigned for the benefit of the said Covington and William T. Ashby—namely, a debt due to Mrs. Jane Jones and the other to Mrs. Ann Camp; but there is no promise to pay either of them. The fact that Mrs. Camp had made her will, leaving the whole of her estate to Mary J. Ashby, who at the date of the contract was the wife of Covington, was doubtless known to the parties to the contract, and for that reason they doubtless regarded Covington as the substantial owner of the debt, as he avers in his answer to the cross-bill, and hence it was recited in the contract, though inaccurately, that the Jones and Camp debts had been assigned for the benefit of the purchasers. It is manifest that the contract was not drawn by a professional or skilled draughtsman; and the Jones and Camp debts were no doubt referred to to show that they were no longer held by Mrs. Jones and Mrs. Camp, who, along with the creditors above mentioned, were secured in a deed of trust on the land executed by Alfred L. Ashby to P. P. Nalle, in December, 1865.

At all events, there was no promise on the part of the purchasers to pay those debts, and a fair construction of the contract does not warrant the conclusion that they formed any part of the consideration for the purchase of the land. There is no evidence in the case to support the affirmative allegation in the answer to the cross-bill that the receipt of Mrs. Camp had never been delivered, and was found in her trunk after her death; and it is true that the receipt was produced and relied upon by Covington before the commissioner to show that the debt had been paid. It is also true that no claim under or reference to the will of Mrs. Camp was made by Covington until after the filing of the cross-bill by the appellant; but these considerations do not affect the case, since

there was no assumption of the debt by the purchasers, and it did not constitute a part of the consideration for the purchase of the land. In other words, if the debt has not been paid, then it still constitutes a lien on the land, which may be enforced for the benefit of Mrs. Camp's estate or her legatee under the deed of trust to Nalle above mentioned. If, on the other hand, it has been paid, the result, so far as the appellant is concerned, is the same, because it was not estimated as a part of the price for the land which the purchasers agreed to give, and for which they, or either of them, are liable. The prayer of the cross-bill was, therefore, rightly denied.

As to the exception to the report of Commissioner Stallard, of the 27th of May, 1885, taken by J. L. Jeffreys, trustee, in relation to the Jones debt, it is sufficient to say that it was not passed upon by the circuit court, but was left open for future action, and need not, therefore, be considered on this appeal.

The appellee, Covington, assigns error in the decree of June term, 1880, directing him, as administrator of Alfred L. Ashby, deceased, to pay to J. L. Jeffreys, trustee, "the amount found to be due by him," etc., but there is not sufficient in the record to enable this court to pass upon the merits of the objection. It does not appear what the amount was, nor is the report of the commissioner, ascertaining the amount, copied into the record. The decrees complained of must, therefore, be affirmed.

DECREES AFFIRMED.